1   SHEPPARD MULLIN RICHTER & HAMPTON LLP
    KENT R. RAYGOR, Cal. Bar No. 117224
2   kraygor@sheppardmullin.com
    KAZIM A. NAQVI, Cal. Bar No. 300438
3   knaqvi@sheppardmullin.com
    1901 Avenue of the Stars, 16th Floor
4   Los Angeles, California 90067
    Telephone:  (310) 228-3700
5   Facsimile:   (310) 228-3701

6   SHEPPARD MULLIN RICHTER & HAMPTON LLP
    DARREN M. FRANKLIN, Cal. Bar No. 210939
7   dfranklin@sheppardmullin.com
    333 South Hope Street, 43rd Floor
8   Los Angeles, California 90071-1422
    Telephone:  (213) 620-1780
9   Facsimile:   (213) 620-1398

10  Attorneys for Plaintiff and
    Counterdefendant VIRUN, INC. and Third-
11  Party Defendant PHILIP BROMLEY

12                  UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14  VIRUN, INC.,                          Case No. 8:22-cv-00325-WLH (DFMx)

15            Plaintiff,                   *Hon. Wesley L. Hsu*

16       v.                               **COUNTERDEFENDANT VIRUN,
                                          INC.'S OPPOSITION TO
17  CYMBIOTIKA LLC, a limited liability   COUNTERCLAIMANT
    company; CHERVIN JAFARIEH, an         CYMBIOTIKA LLC'S MOTION FOR
18  individual; SHAHAB ELMI, an           RECONSIDERATION OF ORDER
    individual; and DOES 1 through 10,    GRANTING MOTION TO DISMISS
19  inclusive,                            COUNTERCLAIM FOR FRAUD
                                          [DKT. 191]**
20            Defendants.
                                          Hearing Date:  January 12, 2024
21                                         Time:            1:30 p.m.
                                           Place:           Courtroom 9B
22  CYMBIOTIKA LLC,  a limited liability
    company,
23
              Counterclaimant,
24
         v.
25
    VIRUN, INC., a Delaware corporation,
26  and Roes 1 to 10 inclusive.

27            Counterclaim Defendants.

28

CYMBIOTIKA LLC, a limited liability company,

                Third-Party Complainant,

      v.

PHILIP BROMLEY, an individual,

                Third-Party Defendant.

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION. ...................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND. ..........................2

    A.   The Court Previously Dismissed Cymbiotika's Fraud Claim Twice. ...................................................................................2

    B.   Relevant Allegations in the *TACC*. .............................................3

         1.   Cymbiotika had one product before meeting Virun. ......................3

         2.   Alleged vague, oral discussions between Virun and Cymbiotika regarding future ownership of formulations. ...............4

    C.   Cymbiotika Already Argued the Alleged Import of Paragraph 122 in Connection with its Opposition to Virun's Motion to Dismiss .............5

    D.   The Court Dismisses Cymbiotika's Fraud Claim for a *Third* Time .........5

III.  ARGUMENT. ......................................................................................7

    A.   Motions for Reconsiderations are Highly Disfavored. .............................7

    B.   Cymbiotika's Motion Fails to Meet its Burden Under L.R. 7-18. ...........8

         1.   The Motion Violates L.R. 7-18 by Repeating Prior Arguments. ....................................................................................8

         2.   There is No Clear Error or Failure to Consider Material Facts ...................................................................................10

    C.   Cymbiotika's Motion Fails to Meet its Burden Under Rule 60(b) or Rule 59(e). ....................................................................................12

IV.  CONCLUSION. ................................................................................13

SMRH:4883-1017-2051.2

VIRUN'S OPPOSITION TO CYMBIOTIKA'S MOTION FOR RECONSIDERATION

1

# TABLE OF AUTHORITIES

2

Page(s)

3

Cases

4

"Consistent with the Court's
   7/21/23 Order, Cymbiotika ................................................................................. 5

5

6

*Beckett v. Bank of Am., N.A.*
   No. CV 17-8328 PA (ASX), 2018 WL 10731132 (C.D. Cal. Feb. 7, 2018) ....... 9

7

8

*Bloch v. Prudential Ins. Co. of Am.*
   No. CV05-1589-DT(MCX), 2005 WL 6141292 (C.D. Cal. Aug. 9, 2005) ......... 8

9

10

*Joao Control & Monitoring Sys., LLC v. Acti Corp. Inc.*
   No. SACV101909DOCANX, 2012 WL 13018361 (C.D. Cal. July 26, 2012) . 10

11

12

*Kona Enters., Inc. v. Est. of Bishop*
   229 F.3d 877 (9th Cir. 2000) ........................................................................ 7, 13

13

14

*Masimo Corp. v. Apple, Inc.*
   No. SACV 20-48 .............................................................................................. 11

15

16

*O'Connor v. Franke*
   No. CV 16-3542 PA (JCX), 2017 WL 7833773 (C.D. Cal. June 26, 2017) ........ 9

17

18

*Pegasus Satellite Television, Inc. v. DirecTV, Inc.*
   318 F. Supp. 2d 968 (C.D. Cal. 2004) ............................................................... 9

19

20

*Tortilla Factory, LLC v. Health-Ade LLC*
   No. CV179090MWFAFM, 2018 WL 6174708 (C.D. Cal. July 13, 2018) ....... 11

21

*Trust Corp. v. Aetna Casualty and Surety Co.*
   873 F. Supp. 1386 (D. Ariz. 1994) .................................................................... 8

22

23

*U.S.A. v. Labbad*
   No. EDCR 03-00039(A)-RT, 2013 WL 12387560 (C.D. Cal. Apr. 24, 2013) .. 10

24

Other Authorities

25

FED. R. CIV. P. 12(b)(6) ........................................................................................ 2

26

27

L.R. 7-18(c) .............................................................................................. 8, 10, 11

28

Local Rule 7-18 ..................................................................................... 1, 8, 9, 10

of the Order. Thus, Rule 60(b)..................................................................................13

Rule 9(b)'s ............................................................................................................2, 11

Rule 59 ........................................................................................................................13

Rule 59(e) .............................................................................................................12, 13

Rule 60(b) ..................................................................................................................12

SMRH:4883-1017-2051.2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

It is notable that Defendant and Counterclaimant Cymbiotika LLC ("**Cymbiotika**") begins its Motion for Reconsideration (the "**Motion**") by noting that this District is "one of the busiest districts in the nation." Yet, Cymbiotika has proceeded to file the meritless Motion and burden this Court's limited resources, even though the Motion advances ***no new facts or law***, and merely re-argues what this Court already considered and rejected. Cymbiotika's Motion, which is highly disfavored by Courts, fails on both procedural and substantive grounds.

Local Rule 7-18, which governs motions for reconsiderations, expressly states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." But that is exactly what Cymbiotika's Motion does. In opposing Virun's Motion to Dismiss the *Third Amended Counterclaims* ("***TACC***"), Cymbiotika argued it had sufficiently alleged facts in support of the "knowledge of falsity" element of its fraud counterclaim, and repeatedly quoted from and referenced Paragraph 122 in the *TACC*. Cymbiotika's counsel advanced the same arguments during oral argument before the Court. Now, in the instant Motion, Cymbiotika merely repeats all the same arguments it previously made to this Court multiple times. The Motion focuses on Paragraph 122 of the *TACC*, and argues that the allegations therein not made on information and belief are sufficient. The Court already considered and rejected these arguments. Local Rule 7-18, and courts in this district, are unambiguous that Cymbiotika's Motion must be denied because it merely repeats prior arguments.

Further, the Court did not commit any clear error in dismissing Cymbiotika's fraud counterclaim without leave to amend. The Court spent substantial resources in ruling on Virun's Motion to Dismiss, including by issuing a tentative ruling before the hearing, holding over 30 minutes of oral argument, and issuing a detailed 15-page final order. [ECF Dkt. 191.] The Court properly noted that information and belief

allegations do not satisfy Rule 9(b)'s heightened pleading requirements, and that even where Cymbiotika made allegations not solely upon information and belief, they were conclusory. Cymbiotika's focus on the limited allegations in Paragraph 122 overlook its deficient allegations as a whole, almost all of which were made upon information and belief regarding the "knowledge of falsity" element. The Court's order at issue was well-reasoned, and well-supported by the law and the underlying allegations.

Cymbiotika's Motion seeks a second bite at the apple and merely expresses disagreement with this Court's ruling. That is not the purpose of a motion for reconsideration. Cymbiotika's Motion must be denied in full.

## II.   FACTUAL AND PROCEDURAL BACKGROUND.

### A.   The Court Previously Dismissed Cymbiotika's Fraud Claim Twice.

On September 14, 2022, Cymbiotika filed its first attempt at viable *Counterclaims* against Virun.  [ECF Dkt. 99.]  On September 23, 2022, Cymbiotika filed its *First Amended Counterclaims* ("**FACC**") against Virun.  [ECF Dkt. 104.]  On October 7, 2022, Virun moved to dismiss all nine counterclaims in the *FACC*.  [ECF Dkt. 113.]  On February 10, 2023, Judge Sykes issued an order granting Virun's motion to dismiss the *FACC* in its entirety, with leave to amend.  [ECF Dkt. 136.]  In its order, the Court found that neither of "Cymbiotika's first two counterclaims provide th[e] required details" to plead fraud counterclaims.  [*Id*., at 4.]  The Court further determined that "the available record in this case indicates that Virun made no such representations at any point, and indeed retained ownership of the formulations throughout the parties' business relationship."  [*Id*.]

On February 24, 2023, Cymbiotika filed its *Second Amended Counterclaims* ("**SACC**").  [ECF Dkt. 140.]  Compared to the *FACC*, Cymbiotika dropped its trade libel counterclaim, but attempted to re-plead each of the other eight counterclaims. On March 24, 2023, Virun again moved to dismiss all eight counterclaims in the *SACC* pursuant to FED. R. CIV. P. 12(b)(6).  [ECF Dkt. 145.]  The case was transferred to this Court on May 19, 2023.  [ECF Dkt. 155.]  On July 21, 2023, this Court issued

1 an order granting Virun's motion to dismiss the *SACC* in its entirety, with leave to

2 amend. [ECF Dkt. 160.] The Court determined that: 1) Cymbiotika did not "allege

3 with particularity" that "Virun had knowledge that the ownership statements were

4 false when published online"; and 2) Cymbiotika merely provided conclusions,

5 instead of factual allegations, regarding knowledge of falsity at the time the alleged

6 misrepresentations were made. [*Id*. at 9.] The Court noted that it is "unlikely to grant

7 further leave to amend absent exceptional circumstances." [*Id*. at 21.]

8        On August 11, 2023, Cymbiotika filed its *Third Amended Counterclaims*

9 ("***TACC***") [ECF Dkt. 163].

10       **B.    Relevant Allegations in the *TACC*.**

11             **1.    Cymbiotika had one product before meeting Virun.**

12       Cymbiotika is a "health supplement company . . . predominantly driven by an

13 online subscription model." [*TACC*, ¶ 12.] "Chervin Jafarieh is a founder and

14 member" and "Shahab Elmi is a co-founder, member, and CEO of Cymbiotika." [*Id*.]

15 Before entering into business discussions with Virun, Cymbiotika had one product on

16 the market, an "Omega product." [*Id*., ¶ 13.]

17       In late 2018, Cymbiotika allegedly "conducted basic due diligence regarding

18 Virun." [*Id*., ¶ 15.] It alleges it reviewed the Frequently Asked Questions section of

19 Virun's website which states:

20       "[Q.] If Virun develops my product, who owns the formulation?

21       [A.] When a client brings us an idea for development, the client owns

22       that formulation. This is the most common scenario. However, in some

23       instances companies have asked to private label a formula already owned

24       by Virun, and in those cases, Virun retains ownership."

25 [*Id*. (hereafter, the "**FAQ Statement**").] Cymbiotika alleges that after seeing that

26 FAQ Statement, "Cymbiotika reached out to Virun to discuss a potential business

27 relationship." [*Id*., ¶ 17.]

28

SMRH:4883-1017-2051          VIRUN'S OPPOSITION TO CYMBIOTIKA'S MOTION FOR RECONSIDERATION

## 2. Alleged vague, oral discussions between Virun and Cymbiotika regarding future ownership of formulations.

Cymbiotika vaguely alleges that during the initial meeting on January 8, 2019, Bromley and unidentified "others" confirmed "the statements made on Virun's website" that "it was Virun's practice, and would continue to be Virun's practice – that formulas developed based on customer's ideas are owned by that customer, and that this was the most common scenario." [*Id.*, ¶ 23.] Cymbiotika alleges that unidentified employees from "Virun would thereafter repeat these representations to several other Cymbiotika employees during formula development." [*Id.*] Cymbiotika then rattles off a series of allegations ***made solely upon information and belief*** that "Virun and Bromley knew the ownership statements that Cymbiotika would own all the formulations developed by Virun based on ideas Cymbiotika brought to Virun for development . . . were false when made." [*Id.*, ¶ 25.] Cymbiotika again alleges, ***solely upon information and belief***, that it "was not 'the most common scenario' that Virun's customers owned their formulations that Virun developed based on the customers' idea" and that "Virun did not have a single contractual relationship with any of its existing customers where the customer owned its formula developed by Virun based on the customers' idea." [*Id.*] Cymbiotika further alleges, ***solely upon information and belief***, that when Bromley made the alleged, vague representations, "Virun and Bromley believed that Virun owned all of the formulas it had developed for customers based on the customers' idea." [*Id.*] Cymbiotika then engages in a confusing discussion about an alleged "post-hoc explanation that what Virun meant by 'idea' was a fully developed formulation," and that Virun never explained to Cymbiotika its definition of "idea." [*Id.*]

Cymbiotika ultimately alleges that had it known on January 8, 2019 what Virun meant by "idea," or that "Virun intended to claim ownership over any formula it collaboratively developed with Cymbiotika, Cymbiotika would have immediately broken off any further discussions with Virun." [*Id.*, ¶ 27.] Notably, Cymbiotika

SMRH:4883-1017-2051                    VIRUN'S OPPOSITION TO CYMBIOTIKA'S MOTION FOR RECONSIDERATION

does not identify a single writing whereby Virun stated or agreed that the product formulations used for Cymbiotika's products would be owned by Cymbiotika.

In support of its fraud counterclaims, Cymbiotika copies and pastes many of the same allegations discussed above. [*TACC*, ¶¶ 112-150.]

## C. **Cymbiotika Already Argued the Alleged Import of Paragraph 122 in Connection with its Opposition to Virun's Motion to Dismiss.**

Virun filed its Motion to Dismiss the *TACC* on September 8, 2023. [ECF Dkt. 172.] Cymbiotika filed its opposition on September 22, 2023. [ECF Dkt. 180.] Therein, Cymbiotika expressly quoted from Paragraph 122 of the *TACC*, which is the subject of the current Motion before the Court. [*Id*. at 3.] In the section of the Opposition brief addressing the "knowledge of falsity" element, Cymbiotika argued: "Consistent with the Court's 7/21/23 Order, Cymbiotika added a number of factual allegations which bolster its contention that Virun knew its misrepresentations were false at the time Cymbiotika read on Virun's website that formulas." [*Id*. at 13.] Cymbiotika then proceeded to quote from Paragraph 122 of the *TACC* again, arguing that "Virun also knew this misrepresentation was false when, on January 8, 2019, Bromley and Hoosier repeated these false assertions." [*Id*.]

## D. **The Court Dismisses Cymbiotika's Fraud Claim for a *Third* Time.**

The Court held oral argument on Virun's Motion to Dismiss the *TACC* on October 20, 2023. During the hearing, Cymbiotika's counsel argued extensively that it had provided allegations not made on information and belief, and specifically quoted from and referenced Paragraph 122 of the *TACC*. [Declaration of Kazim A. Naqvi ("Naqvi Dec.") (10/20/23 Hrg. Tr.) at 14.] Cymbiotika's counsel referenced Paragraph 122 multiple times and argued: "here we specifically say Virun as alleged their most common practice is when a customer brings an idea, the customer owns that product." [*Id*. at 14-15.] Cymbiotika's counsel further argued that even though almost all of the allegations regarding the "knowledge of falsity" element are made on information and belief, that "information and belief is sufficient on intent so long as

SMRH:4883-1017-2051

1   they are specific facts." [*Id*. at 15.]

2         In response to Cymbiotika's arguments, Virun's counsel specifically addressed

3   Paragraph 122 of the *TACC*: "What counsel points to in paragraph 122 about whether

4   Virun's existing customers at that time own the formulas or not, first I will note that

5   what counsel is doing about referencing what has or has not been produced in

6   discovery is not at issue here. It's not in the pleading." [*Id*. at 19-20.] Virun's counsel

7   also argued: "Going to paragraph 122, what counsel discussed is not the alleged fraud.

8   Okay? The alleged fraud is about who is going to own these formulas in the future.

9   And I'll point to paragraph 125, first sentence, 'Virun's repeated representations

10   regarding formula ownership were critical to inducing Cymbiotika's -- Cymbiotika to

11   work with Virun.' That's the alleged fraud." [*Id*. at 20.] In other words, Virun's

12   counsel demonstrated that the allegations in Paragraph 122 of the *TACC* (regarding

13   whether it was the "most common scenario" for Virun's customers to own formulas)

14   is not the alleged fraud, but that it was instead that Cymbiotika would own the

15   formulas underlying the products that Virun manufactured for Cymbiotika. After

16   more than 30 minutes of oral argument, the Court took the matter under submission.

17   [*Id*.]

18         On November 6, 2023, more than two weeks after oral argument was held, the

19   Court issued its order (the "**Order**"). [Dkt. 191.] In dismissing Cymbiotika's fraud

20   claim without leave to amend, the Court held in its entirety:

21         Here, Cymbiotika has failed to cure the deficiencies the Court
      previously identified, so Virun's motion to dismiss the fraud and
22         negligent misrepresentation claims are **GRANTED**. With respect to the
      fraud claim, Cymbiotika appears to have attempted to cure the claim by
23         adding allegations that Cymbiotika "is informed and believes" that
24         Virun "always intended to claim ownership over any formula…but kept
      these intentions hidden." (*See, e.g.*, TACC ¶ 113). Allegations resting
25         on "information and belief," however, are generally insufficient to meet
26         the heightened pleading standard for fraud claims, *see e.g.*, *Tortilla
      Factory, LLC v. Health-Ade LLC*, No. CV179090MWFAFM, 2018 WL
27         6174708, at *8 (C.D. Cal. July 13, 2018) ("[A]llegations of fraud upon
28

information and belief typically do not satisfy Rule 9(b)'s heightened pleading requirements."). It is true, ***as Cymbiotika's counsel pointed out at the hearing***, that the general rule that information and belief allegations are improper under Rule 9 "'may be relaxed with respect to matters within the opposing party's knowledge' because 'in such situations, plaintiffs can not be expected to have personal knowledge of the relevant facts.'" *Ramirez v. Bank of Am.*, 634 F. Supp. 3d 733, 740 (N.D. Cal. 2022) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). "But while facts may be alleged upon information and belief" with respect to matters not within the claimant's knowledge, "that does not mean that conclusory allegations are permitted. A conclusory allegation based on information and belief remains insufficient under *Iqbal/Twombly*." *Masimo Corp. v. Apple, Inc.*, No. SACV 20-48 JVS JDEx, 2021 WL 925885, at *8 (C.D. Cal. Jan. 6, 2021). The other allegations that Cymbiotika added to the Third Amended Counterclaim are akin to the conclusory statements that the Court already found were insufficient to establish a fraudulent intent *at the time of the promise*. (*See, e.g.*, TACC ¶ 120 ("Virun and Bromley…knew that these ownership statements…were false when first published online…")). As the Court previously held, such conclusory allegations do "not even survive 8(b)'s pleading requirements, [] let alone 9(b)'s heightened pleading standard." (Order, Docket No. 160 at 9-10 (internal citation omitted)). Because Cymbiotika has had multiple chances to properly plead its fraud claim, the Court **DISMISSES** the fraud claim without leave to amend.

[*Id.* at 9-10 (emphasis added).] Notably, the Court acknowledged Cymbiotika's counsel's arguments during the hearing, but still determined that the *TACC* failed to allege sufficient facts not made upon information and belief to "establish a fraudulent intent at the time of the promise."

## III.   ARGUMENT.

### A.   Motions for Reconsiderations are Highly Disfavored.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)

(Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."). Motions for reconsideration "are disfavored and are rarely granted." *Trust Corp. v. Aetna Casualty and Surety Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994). "Motions for reconsideration should not be freely granted. They are not a substitute for appeal or a means of attacking some perceived error of the court." *Bloch v. Prudential Ins. Co. of Am.*, No. CV05-1589-DT(MCX), 2005 WL 6141292, at *3 (C.D. Cal. Aug. 9, 2005).

### B.   Cymbiotika's Motion Fails to Meet its Burden Under L.R. 7-18.

Local Rule 7-18 provides just three grounds upon which an order on a motion can be reconsidered: "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the  Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." In addition, Local Rule 7-18 mandates that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

There is no dispute that Cymbiotika's Motion is not predicated on either a material difference in law or fact than what was previously presented to the Court, or the emergence or new material facts or a change of law. Cymbiotika's Motion does not claim there are any new facts or a change in law the Court should consider. Indeed, there can be no new "facts" or "evidence" because the Order concerns Virun's Motion to Dismiss which is confined to the allegations in the *TACC*. Cymbiotika's Motion is therefore predicated on L.R. 7-18(c), claiming that there was a "a manifest showing of a failure to consider material facts presented to the Court." Essentially, Cymbiotika argues the Court simply got it wrong in issuing the Order.

### 1.   The Motion Violates L.R. 7-18 by Repeating Prior Arguments.

Cymbiotika's Motion must be denied because it violates L.R. 7-18 by

"repeat[ing] oral or written argument made in support of or in opposition to the original motion."

In opposition to Virun's Motion to Dismiss, Cymbiotika argued at length that the allegations in Paragraph 122 of the TACC satisfy the "knowledge of falsity" element. [ECF Dkt. 180 at 3, 13.] Cymbiotika block-quoted from Paragraph 122, and argued regarding its alleged import throughout its opposition. [*Id*.]

Similarly, at the hearing on Virun's Motion to Dismiss, Cymbiotika's counsel quoted from and referenced Paragraph 122 of the *TACC*, and made several arguments about its purported import. [10/20/23 Hrg. Tr. at 14, 15, 19, 20.] Counsel for Virun also addressed and argued about Paragraph 122. [*Id*. at 20.] Thus, there can be no dispute that when the Court issued the Order, Cymbiotika had presented several arguments regarding Paragraph 122, both in writing and orally.

Now, in the instant Motion, Cymbiotika does not raise any new arguments or law to the Court. It merely parrots its prior arguments about Paragraph 122 and that such allegations are sufficient to establish the "knowledge of falsity" element. The Court already considered and rejected those arguments. Cymbiotika's Motion does not raise any argument that was not previously presented in writing and orally to the Court. For this simple reason, Cymbiotika's Motion violates L.R. 7-18 and must be denied.

Courts in this district are unambiguous that a motion for reconsideration must be denied under similar circumstances that exist here. *See Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004) ("Under L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent."); *O'Connor v. Franke*, No. CV 16-3542 PA (JCX), 2017 WL 7833773, at *2 (C.D. Cal. June 26, 2017) ("The motion improperly repeats arguments already raised by Plaintiff in her Opposition to Defendant's two motions to dismiss, and erroneously takes issue with the Court's application of legal precedent."); *Beckett v. Bank of Am., N.A.*, No. CV 17-8328 PA

(ASX), 2018 WL 10731132, at *4 (C.D. Cal. Feb. 7, 2018) ("Here, Plaintiff's Motion for Reconsideration largely repeats arguments Plaintiff made in opposition to BofA's Motion to Dismiss") As one court in this district notably held: "The remainder of Labbad's motion for reconsideration simply repeats arguments he made to the court in support of the original motion to dismiss, a practice which is expressly prohibited by this court's local rules. While Labbad no doubt disagrees with the outcome of his motion to dismiss, his disagreement alone does not justify a motion for reconsideration." *U.S.A. v. Labbad*, No. EDCR 03-00039(A)-RT, 2013 WL 12387560, at *1 (C.D. Cal. Apr. 24, 2013).

Cymbiotika's mere disagreement with the Order is not grounds for reconsideration under L.R. 7-18. Its Motion must be denied for violation of L.R. 7-18.

**2.      There is No Clear Error or Failure to Consider Material Facts.**

Even if the Court determines that Cymbiotika did not violate L.R. 7-18 for merely repeating prior arguments, the Motion must be denied on substantive grounds. "[W]hen a party asserts neither the discovery of new information nor an intervening change in controlling law, the only question presented that a court can consider is whether the judge committed clear error in its original ruling." *Joao Control & Monitoring Sys., LLC v. Acti Corp. Inc.*, No. SACV101909DOCANX, 2012 WL 13018361, at *1 (C.D. Cal. July 26, 2012).

As a threshold matter, there was no failure to consider material facts under L.R. 7-18(c). The Court issued a detailed tentative ruling after reviewing the Motion to Dismiss, Opposition, and Reply Brief. The Court then held over 30 minutes of oral argument, where Paragraph 122 was discussed thoroughly. Indeed, in the Order, the Court specifically acknowledged an argument that "Cymbiotika's counsel pointed out at the hearing" regarding that information and belief allegations may be more appropriate for matters within the opposing party's knowledge. [ECF Dkt. 191 at 9-10.] The Court spent a substantial amount of time and resources to adjudicate Virun's Motion to Dismiss. It considered and rejected Cymbiotika's arguments in connection

with its fraud counterclaims. Thus, Cymbiotika's Motion fails under all three prongs under L.R. 7-18(c).

Further, there was no clear error. Regarding the fraud counterclaim, the Order is well-reasoned and detailed. The Court correctly noted Cymbiotika "appears to have attempted to cure the claim by adding" several allegations made solely on information and belief, but that that "allegations of fraud upon information and belief typically do not satisfy Rule 9(b)'s heightened pleading requirements." *Tortilla Factory, LLC v. Health-Ade LLC*, No. CV179090MWFAFM, 2018 WL 6174708, at *8 (C.D. Cal. July 13, 2018). [ECF Dkt. 191 and 9.] The Court also correctly noted that while the prohibition on information and belief allegations may be relaxed regarding matters within the opposing party's knowledge, that "that does not mean that conclusory allegations are permitted." *Masimo Corp. v. Apple, Inc.*, No. SACV 20-48 JVS JDEx, 2021 WL 925885, at *8 (C.D. Cal. Jan. 6, 2021). [ECF Dkt. 191 at 10.] The Court then properly pointed to certain of Cymbiotika's allegations not made on information and belief, such as in Paragraph 120 of the *TACC*, and noted that these allegations do not "even survive 8(b)'s pleading requirements, [] let alone 9(b)'s heightened pleading standard." [ECF Dkt. 191 at 10.] The Court properly analyzed all of the allegations in support of Cymbiotika's fraud counterclaim as a whole, and determined that there were insufficient factual allegations to demonstrate knowledge of falsity. Cymbiotika's reliance on a single allegation in Paragraph 122 not made solely on information and belief does not override all of its other deficient allegations.

Finally, Cymbiotika's reliance on Paragraph 122 is a red herring. It provides allegations regarding whether Virun and Bromley knew at the time of a January 8, 2019 meeting with Cymbiotika whether or not it was the "most common scenario" for Virun's customers to own a formula. But, that is not the alleged fraud that Cymbiotika advances. The alleged fraud does not concern Virun's historical practices of formula ownership with other customers. By the *TACC*'s own allegations, the alleged fraud is that Cymbiotika "would own all the formulas Virun developed from ideas Cymbiotika

offered to Virun." [*TACC*, ¶ 113.] This is again confirmed in Paragraph 125 where Cymbiotika identifies what allegedly induced it into working with Virun: "Virun's repeated representations regarding formula ownership were critical to inducing Cymbiotika's to work with Virun." [*Id.*, ¶ 125.] Thus, the crux of Cymbiotika's fraud counterclaim is that Virun represented that Cymbiotika would own the formulas for the products Virun manufactured for Cymbiotika. Paragraph 122, even if it contained sufficient factual allegations (which it does not), has no bearing on alleged formula ownership ***by Cymbiotika***.

Because Cymbiotika has not met its burden in establishing a failure to consider material facts or any clear error by this Court, the Motion must be denied.

**C.   Cymbiotika's Motion Fails to Meet its Burden Under Rule 60(b) or Rule 59(e).**

To the extent Cymbiotika's Motion also relies on Rules 60(b) or 59(e) for reconsideration, it fails to meet its burden under either of those rules.

Rule 60(b) allows for reconsideration only if the moving party can demonstrate:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

None of these grounds for reconsideration apply. There is no new discovered

evidence, alleged misconduct by Virun in connection with the Motion to Dismiss, void judgment, or satisfied judgment. Cymbiotika is also not claiming there was any "mistake, inadvertence, surprise, or excusable neglect" on its own part or Virun's. As demonstrated above, the Court's order was detailed and well-reasoned, and there was no mistake or neglect that could be imputed to the Court. Cymbiotika has not identified any other reason to justify the extraordinary relief of reconsideration of the Order. Thus, Rule 60(b) cannot provide grounds for reconsideration of the Court's Order.

Rule 59 concerns a new trial. That is clearly not applicable here as the Order pertained to a Motion to Dismiss. Further, Rule 59(e), allowing a party to amend or alter judgment, is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Rule 59(e) also does not provide grounds for reconsideration of the Court's Order.

## IV.    CONCLUSION.

Virun respectfully requests the Court deny the Motion in its entirety.

Dated:  December 22. 2023     SHEPPARD MULLIN RICHTER & HAMPTON LLP

By:      _____
                    */s/ Kazim A. Naqvi*
                    KAZIM A. NAQVI

            Attorneys for Plaintiff and Counter-Defendant
            VIRUN, INC. and Third-Party Defendant
            PHILIP BROMLEY

1

## <u>CERTIFICATE OF COMPLIANCE</u>

2      The undersigned, counsel of record for Virun, Inc. and Philip Bromley certifies

3  that this brief contains 4,159 words, which:

4      __X__   complies with the word limit of L.R. 11-6.1.

5

6  Dated:  December 22, 2023      SHEPPARD MULLIN RICHTER & HAMPTON LLP

7

8                          By:   _____
                                    */s/ Kazim  A. Naqvi*
9                                   KAZIM A. NAQVI

10                          Attorneys for Plaintiff and Counter-Defendant
                            VIRUN, INC. and Third-Party Defendant
11                          PHILIP BROMLEY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4883-1017-2051      VIRUN'S OPPOSITION TO CYMBIOTIKA'S MOTION FOR RECONSIDERATION